NORTHERN DISTRI...

07 CV 7061
Judge Manning
Magistrate Judge Mason

RECEIVED
Dec. 17, 2007
DEC 1 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CHRISTOPHER KNOX

PLAINTIFF PRO SE          (JH)          JURY TRIAL

—VS—

MARRY HENRY ; NEDRA CHANDLER ;
Lt. DAVID SAMBDMAN ; Lt. MICHAEL GORMAN ;
SGt. WICKS ; C/o GILLETTE ; C/o LINDBLOOM ;
C/o HESS ; C/o FORD ; C/o KENNETH HAMILTON ;
Lt. DAVID MITCHELL ; DR. GNU ; DR. MARVIN POWERS.
R/N MS. SCHAVE ; R/N TERRY CAISPER ; TERRY McCANN ; Et AL.

OEFENDANTS

COMPLAINT FOR ; INJUNCTION RELIEF,
DECLARATORY RELIEF, AND DAMAGES

NOW COME PLAINTIFF, CHRISTOPHER KNOX, PROSE. COMPLAIN
OF OEFENDANTS. MARRY HENRY, NEDRA CHANDLER, Lt. GORMAN,
Lt. SAMBDMAN ; SGt. WICKS, C/o GILLETTE, C/o LINDBLOOM, C/o HESS,
C/o FORD, C/o HAMILTON, Lt. MITCHELL, DR. GNU, DR. POWERS,
R/N MS. SCHAVE, R/N MS. CAISPER, AND McCANN. AND STATES AS
FOLLOWS • • • •

NATURE OF CASE

• PLAINTIFF, ALLEGE THAT ; IN APRIL/2006, PLAINTIFF
HAD INSORTED AN FOREIGN OBJECT INTO HIS URETHRA, DUE
TO PLAINTIFF SUFFERING FROM A MENTAL DISORDER OF
SELF-MUITILATION WHICH CAUSES PLAINTIFF CUT AND PUT
OBJECT'S INTO HIS PENIS (URETHRA) • • • • •

2). PLAINTIFF. ALLEGE THAT ; HE CONTESTED THE SURGICAL PROCEDURE AND PRACTICE THAT WERE GOING TO BE USED UPON PLAINTIFF TO REMOVE THE FOREIGN OBJECT FROM PLAINTIFF. URETHRA ...

3). PLAINTIFF. ALLEGE THAT ; DEFENDANTS. MS. HENRY. AND MS. CHANDLER, ORDER, THE DEFENDANTS. Lt. SAMBDMAN AND Lt. GORMAN. TO USE WHATEVER FORCE NECESSARY TO GAIN THE COMPLIANCES OF PLAINTIFF, TO CONSENT TO THE SURGICAL PROCEDURE AND PRACTICE ...

4). PLAINTIFF. ALLEGE THAT ; EXCESSIVE USE FORCE, WERE USED UPON PLAINTIFF, NOT FOR THE PURPOSE TO MAINTAIN DISCIPLINE, BUT FOR THE SOLE PURPOSES TO CAUSE HARM TO PLAINTIFF, AND TO INFLICT PAIN AND SUFFERING UPON PLAINTIFF ...

5). PLAINTIFF. ALLEGE THAT ; A SURGICAL PROCEDURE AND PRACTICE WERE USED UPON PLAINTIFF WITHOUT ANY ANESTHESIA AND CONSENT OF PLAINTIFF, WHICH INFLICTED SEVERE PAIN AND SUFFERING ...

6). PLAINTIFF, ALLEGE THAT ; HE had THREE DISCIPLINARY REPORTS WERE WRITTEN ON PLAINTIFF IN RETALIATION FOR HIS UTILIZING THE GRIEVANCE PROCEDURE AND FOR COMPLAIN- ING, TO OTHER PRISON'S OFFICIAL'S ABOUT THE APRIL 13 2006. INCIDENTS, AND DISCIPLINARY ACTION WERT TAKEN AGAINST PLAINTIFF. FOR UTILIZING THE GRIEVANCE PROCEDURE AND FOR COMPLAINING ABOUT THE APRIL 13, 2006 INCIDENTS, AND TO COVER-UP THE APRIL 13 2006 INCIDENTS. TO JUSTIFY IT ...

7) • PlaintIFF, ALLEGE THAT; FOR THE ACTIONS AND INACTIONS
oF All KNOWN AND UNKNOWN DEFENDANTS. PlaintIFF, HAS
BEEN SUBJECTED TO INFLICTION AND WONTTON PAIN AND
SUFFERING, DUE TO (A). EXCESSIVE FORCE. (B) DENIAL
oF MEDICAL CARE, DELIBERATE INDIFFERENCE TO SERIOUS
MEDICAL NEEDS. (C). RETALIATORY CONDUCTS . . .
(D). PROCEDURAL AND DUE PROCESS VIOLATIONS. . . .

8) • PlaintIFF. ALLEGE THAT; FOR THE ACTIONS AND INACTIONS
oF All KNOWN AND UNKNOWN DEFENDANTS, CONTINUING TO
WILLFULLY VIOLATE PlaintIFF CLEARLY ESTABLISHED. STATUTORY
AND UNITED STATES CONSTITUTIONAL RIGHTS, THAT ARE
SECURED UNDER THE FIRST. EIGHT. AND FOURTEENTH
AMENDMENTS . . . . .

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

9 ). PLAINTIFF. HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDY, BY FILING, GRIEVANCES, TO HIS COUNSELOR, THE GRIEVANCE-OFFICER, AND APPEALED TO A.R.B. WHICH WERE ALL DENIED . . . . . . .

## JURISDICTION AND VENUE

10 ). THIS ACTION IS BROUGHT PURSUANT TO SECTION 42 U.S.C. § 1983, UNDER THE FIRST, EIGHT, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS. THEREFORE THIS COURT HAS THE JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1343 . . . .

11 ). DECLARATORY RELIEF, IS SOUGHT PURSUANT TO 28 U.S.C. §§ 2201 AND 2202 . . VENUE IS PROPER IN THE NORTHERN DISTRICT OF ILLINOIS, UNDER 28 U.S.C. § 1391 (B). BECAUSE ONE OR MORE OF THE DEFENDANTS RESIDES IN THE DISTRICT, AND A SUBSTANTIAL PART OF THE EVENTS AND OMISSIONS GIVING RISE TO THE PLAINTIFF CLAIMS OCCURRED IN THE NORTHERN DISTRICT OF ILLINOIS . . . .

## LITIGATION HISTORY

12 ). HAVE YOU EVER FILE A SUIT IN STATE OR FEDERAL COURT? ☒ YES.

13 ). IF YOUR ANSWER TO QUESTION (☆) IS YES, HOW MANY ? 19
               12

4

(1). KNOX -VS- PIERSON, 99-616. (2). KNOX -VS- PIERSON. 01- 1467.

(3). KNOX -VS- PIERSON. 01-1316. (4). KNOX -VS-BYRANT. 02 - 4363.

(5). KNOX -VS- HAWKINS. 02-06499. (6). KNOX -VS- WAINSCOTT. 03- 1429.

(7). KNOX -VS- SPENCER. 03-1074. (8). KNOX -VS- CARLTON. 03-1327.

(9). KNOX -VS- SCHOMIG. 03-1377. (10). KNOX -VS- COX. 05- 1017.

(11). KNOX -VS- ROBERSON. 04-7765. (12). KNOX -VS- FOX. 06 - 5247.

(13). KNOX -VS- MICHEL. 06- 0018. (14). KNOX -VS- WALKER. 07-1032.

(15). KNOX -VS- DR. POWERS. 07-508-WDS. (16). KNOX -VS- KAJTSA. 07-4855.

(17). KNOX -VS- IYIOLA. 07-0814. (18). KNOX -VS- NAVARR. 07-50053.

(19). KNOX -VS- BENEFIELD. 07-795-JPG . . . .

<u>PLAINTIFF</u>

14 ). CHRISTOPHER KNOX. IS CURRENTLY INCARCERATED IN THE ILLINOIS DEPARTMENT OF CORRECTIONS. IN TAMMS CORR. CENTER. IN (TAMMS) ILLINOIS . . . .


DEFENDANTS


15 ). DEFENDANT, MARRY HENRY, SERVED AS A ASSISTANT WARDEN OF OPERATION, OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND AS SUCH HAS THE ULTIMATE RESPONSIBILITIES FOR MAINTAINING THE OPERATION OF THE INSTITUTIONS AND INCLUDING DISCIPLINE, AND SECURITY. UPON INFORMATION AND BELIEF, DEFENDANT, MS. HENRY, HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED, AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGED . . . DEFENDANT, MS. HENRY, IS SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITIES . . .


16 ). DEFENDANT, NEDRA CHANDLER. SERVED AS THE CHIEF ADMINISTRATIVE OFFICER, OF THE INSTITUTION'S, AND AS SUCH HAD THE ULTIMATE RESPONSIBILITIES FOR THE ENTIRE OPERATION OF THE INSTITUTION. INCLUDING IMPLEMENTING ALL STATE AND FEDERAL LAWS AND DEPARTMENT POLICIES, PRACTICES, AND PROCEDURE AFFECTING PRISONERS AT THE INSTITUTION. AND UPON INFORMATION AND BELIEF DEFENDANT MS. CHANDLER, HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED, AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGED. DEFENDANT, MS. CHANDLER, IS SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITIES . .

17). DEFENDANTS, DAVID SAMBDMAN, MICHAEL GORMAN, AND DAVID MITCHELL, SERVED AS CORRECTIONAL LIEUTENANTS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND AS SUCH HAS THE RESPONSIBILITIES OF THE SECURITY OF CORRECTIONAL CENTERS. AND UPON INFORMATION AND BELIEF, HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED. AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGED. DEFENDANTS. SAMBDMAN, GORMAN, MITCHELL, ARE SUED IN BOTH THEIR INDIVIDUAL'S AND OFFICIAL'S CAPACITIES . . . . .

18). DEFENDANT, WICKS, SERVED AS A CORRECTIONAL SERGEANT, OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND AS SUCH HAS THE RESPONSIBILITIES OF THE SECURITY OF CORRECTIONAL CENTERS. AND UPON INFORMATION AND BELIEF. HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED. AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGED. DEFENDANT, WICKS, IS SUED IN BOTH HIS INDIVIDUAL AND OFFICIAL CAPACITIES . . . . .

19). DEFENDANTS. C/O GILLETTE, C/O LINDBLOOM, C/O HESS, C/O FORD, C/O HAMILTON, SERVED AS CORRECTIONAL OFFICER.S OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. AND AS SUCH AS A RESPONSIBILITIES FOR SECURITY OF CORRECTIONAL CENTER'S. AND UPON INFORMATION AND BELIEF. HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED. AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGES. DEFENDANTS, C/O GILLETTE, C/O LINDBLOOM, C/O HESS, C/O FORD, C/O HAMILTON, ARE SUED IN BOTH THEIR INDIVIDUAL'S AND OFFICIAL'S CAPACITIES.

7

20 ). DEFENDANTS. DR. GNU. DR. POWERS, SERVED HAS MEDICAL
DIRECTOR'S, FOR THE ILLINOIS DEPARTMENT OF CORRECTIONS,
THEY OVERSEES THE HEALTH CARE UNIT IN THE INSTITUTIONS
WHICH THEY IS RESPONSIBLE FOR PROVIDING MEDICAL AND
MENTAL HEALTH SERVICES FOR PRISONERS AT THE INSTITUTIONS.
AND CONDUCTING PSYCHOLOGICAL EVALUATIONS OF PRISONERS.
AND UPON INFORMATION AND BELIEF, THEY HAVE FIRST-HAND
KNOWLEDGE OF THE FACTS ALLEGED. AND WAS PERSONALLY
INVOLVED IN THE FACTS ALLEGED. DEFENDANTS. DR. GNU,
DR. POWERS, ARE BOTH SUED IN BOTH THEIR INDIVIDUAL'S
AND OFFICIAL'S CAPACITIES . . .


21 ). DEFENDANT. TERRY CALIPER, SERVED AS A HEALTH CARE
UNIT ADMINISTRATOR, FOR THE ILLINOIS DEPARTMENT
OF CORRECTIONS. AND IS RESPONSIBLE TO ENSURE THAT
HEALTH CARE SERVICES INCLUDING MEDICAL. DENTAL, AND
PSYCHOLOGICAL SERVICES ARE DELIVERED TO THE INMATE
POPULATION IN A WAY THAT IS COMMENSURATE WITH THE
SERVICES OFFERED IN THE FREE COMMUNITY. AND UPON
INFORMATION AND BELIEF. SHE HAS FIRST-HAND
KNOWLEDGE OF THE FACTS ALLEGED. AND WAS PERSONALLY
INVOLVED. IN THE FACTS ALLEGED. DEFENDANT. MS. CALIPER
IS SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITIES.


22 ). DEFENDANT. MS. SCHAVE, SERVED AS A NURSE, FOR
THE ILLINOIS DEPARTMENT OF CORRECTIONS. AND AS SUCH
HAS THE RESPONSIBILITIES OF PROVIDING MEDICAL
SERVICES TO PRISONERS. AND UPON INFORMATION AND BELIEF,
SHE HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED

8

AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGED.
DEFENDANT, MS. SCHAVE, IS SUED IN BOTH HER ——
INDIVIDUAL AND OFFICIAL CAPACITIES . . .

23 ) . UPON INFORMATION AND BELIEF, ALL UNKNOWN ——
DEFENDANTS, SERVED AS EMPLOYEES OF THE ILLINOIS
DEPARTMENT OFT CORRECTIONS. AND HAD THE RESPONSIBILITY
TO PERFORM THEIR INDIVIDUALS AND OFFICAL DUTIES.
AND HAS FIRST-HAND KNOWLEDGE OF THE FACTS ALLEGED.
AND WAS PERSONALLY INVOLVED IN THE FACTS ALLEGED.
ALL UNKNOWN DEFENDANTS, ARE SUED IN BOTH THEIR
INDIVIDUAL'S AND OFFICIAL'S CAPACITIES . . .

<u>EXCESSIVE USE OF FORCE</u>

24). PLAINTIFF, ALLEGE THAT; HE SUFFERS FROM A SELF-MUTILATION DISORDER; WHICH CAUSES PLAINTIFF, TO CUT ON HISSELF, AND TO INSERT FOREIGN OBJECT'S INTO HIS PENIS. . . . .

25). PLAINTIFF, ALLEGE THAT; ON OR ABOUT APRIL/2006, PLAINTIFF, HAD INSERTED AN OBJECT INTO HIS PENIS. IN WHICH X-RAYS SHOWED THAT PLAINTIFF DID HAVE A FOREIGN OBJECT STUCK INTO HIS PENIS.

26). PLAINTIFF, ALLEGE THAT; ON OR ABOUT APRIL 13 2006. DEFENDANTS NEDRA CHANDLER, MARRY HENRY, AND DR. GNU, CALL PLAINTIFF TO THE HEALTH CARE UNIT, TO TALK ABOUT THE OBJECT STUCK IN PLAINTIFF PENIS . . . .

27). PLAINTIFF, ALLEGE THAT; DEFENDANT, DR. GNU, ASK PLAINTIFF, DID HE WANT HIM TO REMOVE THE OBJECT? WHICH PLAINTIFF, AT THAT TIME HAD STATED YES . . .

28). PLAINTIFF, ALLEGE THAT; HE ASK DEFENDANT, DR. GNU, HOW HE WERE PLANNING ON REMOVING THIS FOREIGN OBJECT FROM MY PENIS? AND IS A SURGICAL PROCEDURE GOING TO BE PERFORMED? IF SO HOW WERE IT GOING TO BE PERFORMED?

29). PLAINTIFF, ALLEGE THAT; DEFENDANT, DR. GNU, TOLD PLAINTIFF, THAT A BASIC SURGICAL PROCEDURE WERE GOING TO BE PERFORMED, WITHOUT ANY ANESTHESIA, AND THAT THE PROCEDURE WOULD TAKE APPROXIMATELY THREE-FOUR HOURS TO COMPLETE . . . .

30). PLAINTIFF. ALLEGE THAT; HE ASK DEFENDANT, DR. GNU, WHAT KIND
OF SURGICAL EQUIPMENT WERE GOING TO BE UTILIZED DURING
THIS SURGY PROCEDURE? DEFENDANT, DR. GNU, SHOWED PLAINTIFF, AN
TOOL THAT WERE APPROXIMATELY 10 - 15 INCHES LONG WITH SHARP POINTS.
PLAINTIFF. THEN ASK DEFENDANT, DR. GNU, IS he A CERTIFIED UROLOGIST?
AND LICENSED TO PERFORM A SURGY PROCEDURE AS A UROLOGIST? HE
CLEARLY "STATED" "NO"...

31). PLAINTIFF. ALLEGE THAT; HE IMMEDIATOL CONTESTED THE SURGICAL
PROCEDURE, DEFENDANT, DR. GNU, WERE GOING TO PERFORM ON PLAINTIFF,
DEFENDANT, DR. GNU, TOLD PLAINTIFF, TO EXPLAIN ▇ = MONT. PLAINTIFF
FLAT OUT TOLD DEFENDANT, DR. GNU, I AM NOT CONCENTING TO YOU TO
PERFORM A SURGY ON ME AND YOU CANNOT PERFORM SUCH A SURGY, BECAUSE
YOU ARE NOT CERTIFIED AS A UROLOGIST..

32). PLAINTIFF. ALLEGE THAT; DEFENDANT, DR. GNU, THEN TOLD PLAINTIFF,
YOU GOING TO LET ME TAKE IT OUT ONE WAY NOR OTHER, AS IF I
HAD NO CHOICE IN EXCEPTING MEDICAL TREATMENT OR DENYING IT.

33). PLAINTIFF. ALLEGE THAT; DEFENDANTS, HENRY, AND CHANDLER. ASK
PLAINTIFF, ARE YOU REFUSING TO LET HIM DO THE SURGICAL
PROCEDURE, TO REMOVE THE OBJECT? PLAINTIFF STATED YES...

34). PLAINTIFF. ALLEGE THAT; WHILE IN THE EMERGENCY ROOM. HE
WERE SECURED IN A WAIST-BELT. HANDCUFFS, AND LEG IRONS, THE
WHOLE TIME WHILE IN THE HEALTH CARE UNIT. AND WHEN I WAS
TRANSPORTED BACK TO HIS LIVING UNIT....

35). PLAINTIFF, ALLEGE THAT; WHILE HE WERE SITTING THE TABLE IN THE EMERGENCY ROOM. DEFENDANTS; (Lt. GORMAN, Lt.) (SAMBDMAN,) (SGt. WICKS,) (C/O GILLETTE) (C/O LINDBLOOM,) (C/O HESS,) AND SEVERAL OTHER UNIDENTIFIED CORRECTIONAL OFFICER'S CAME INTO THE EMERGENCY ROOM, WHERE PLAINTIFF WERE AT . . . . .

36). PLAINTIFF, ALLEGE THAT; DEFENDANTS, HENRY, CHANDLER, AND DR. GNU, ASK PLAINTIFF, IS HE GOING TO CONCENT TO THE SURGY TO GET THE OBJECT FROM PENIS? AGAIN PLAINTIFF, CONTESTED THE PROCEDURE AND PRACTICE OF THE SURGY. . .

37). PLAINTIFF, ALLEGE THAT; DEFENDANTS, HENRY, AND CHANDLER, TOLD DEFENDANTS, Lt. GORMAN, AND Lt. SAMBDMAN, TO USE WHATEVER FORCE NECESSARY TO GET HIM TO COMPLY WITH THE SURGY. PLAINTIFF, YELLED OUT I HAVE A RIGHT TO REFUSE MEDICAL TREATMENT AND/OR SERVICES.

38). PLAINTIFF, ALLEGE THAT; DEFENDANTS, SGt. WICKS, C/O HESS, C/O GILLETTE, C/O LINDBLOOM, AND SEVERAL UNIDENTIFIED OFFICER'S. STARTED PICKING PLAINTIFF UP, TO REMOVE HIS CLOTHING. AND WHEN PLAINTIFF YELLED OUT LOUD TO STOP, THAT'S WHEN DEFENDANTS. SGt. WICKS, C/O GILLETTE. BOTH STARTED HITTING PLAINTIFF, AND KNOCKING PLAINTIFF TO THE FLOOR . .

39). PLAINTIFF, ALLEGE THAT; WHILE ON THE FLOOR OF THE EMERGENCY ROOM, DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, SGt. WICKS, C/O HESS, C/O GILLETTE, C/O LINDBLOOM, AND SEVERAL UNIDENTIFIED OFFICER'S ALL STARTED STOMPING, KICKING, AND HITTING PLAINTIFF. WHILE ON THE EMERGENCY ROOM FLOOR. SECURED IT RESTRAINTS . . .

40). PLAINTIFF. ALLEGE THAT; THIS BEATING WENT ON FOR APPROXIMATELY 3-5 MINUTES, AND THAT'S WHEN DEFENDANTS, HENRY, AND CHANDLER. ASK PLAINTIFF IS HE GOING TO ALLOW THE SURGY TO BE PERFORMED? AGAIN PLAINTIFF, CONTESTED THE PROCEDURE AND PRACTICE OF THE SURGY TO BE PERFORMED. DEFENDANTS. HENRY. AND CHANDLER, AGAIN INSTRUCTED DEFENDANTS, Lt. GORMAN. AND Lt. SAMBDMAN. TO DO WHAT THEY GOT TO DO . . . . .

41). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, ORDERED, DEFENDANTS, C/o GILLETTE, C/o HESS, C/o LINDBLOOM, SGt. WICKS, AND SEVERAL UNIDENTIFIED OFFICER'S TO PICK ME UP AND PUT ME ON THE TABLE. THE DEFENDANTS, C/o GILLETTE, C/o HESS, C/o LINDBLOOM, SGt. WICKS, AND SEVERAL UNIDENTIFIED OFFICER'S PICKED PLAINTIFF UP OVER THEIR HEAD'S AND FORCEFULLY SLAMMED PLAINTIFF ONTO HIS BACK OF THE EMERGENCY TABLE . . . .

42). PLAINTIFF. ALLEGE THAT; DEFENDANTS, C/o HESS, C/o GILLETTE, C/o LINDBLOOM, AND SGt. WICKS, ALL STARTED HITTING. PLAINTIFF IN HIS BODY AREA AND FACE. WHILE Lt. GORMAN AND Lt. SAMBDMAN REPEATLY CHOKED PLAINTIFF UNTIL PLAINTIFF WENT UNCONSCIOUS.

43). PLAINTIFF. ALLEGE THAT; WHEN GAIN CONSCIOUS BACK, HIS JUMPSUIT WERE DOWN TO HIS ANKLES. PLAINTIFF, ALLEGE THAT; DEFENDANT. DR. GNU. AND AN UNIDENTIFIED FEMALE DOCTOR WERE ABOUT TO PERFORM A SURGY WITHOUT PLAINTIFF CONCENT . . .

44). PLAINTIFF. ALLEGE THAT; DEFENDANT. OR. GNU, STUCK A 10-15" INCHES SURGICAL TOOL INTO PLAINTIFF, PENIS.; DEFENDANT. OR. GNU, JAMMED THIS SURGICAL TOOL AROUND IN PLAINTIFF PENIS FOR APPROXIMATELY 1 1/2 TO 2 HOURS, WITHOUT ANY ANESTHESIA..

45). PLAINTIFF. ALLEGE THAT; HE PLEADED FOR DEFENDANT. OR. GNU, TO STOP, BUT HE INSISTED ON PERFORMING THE SURGICAL PROCEDURE AND PRACTICE ON PLAINTIFF, FINALLY DEFENDANT. OR. GNU, STOPPED AFTER REALIZING PLAINTIFF PENIS WAS BLEEDING, AND HIS ATTEMPT'S WERE GOING TO BE UNSUCCESSFUL...

46). PLAINTIFF. ALLEGE THAT; DEFENDANT. OR. GNU, TOLD DEFENDANTS, HENRY. AND CHANDLER, THAT HE WON'T BE ABLE TO REMOVE THE FOREIGN OBJECT FROM PLAINTIFF, PENIS, AND STATED THAT HE WAS DONE WITH ME....

47). PLAINTIFF. ALLEGE THAT; DEFENDANTS, HENRY. AND CHANDLER, TOLD DEFENDANTS, Lt. GORMAN, AND Lt. SAMBDMAN, TO TAKE PLAINTIFF. BACK TO HIS LIVING UNIT.....

48). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, SGT. WICKS, C/o GILLETTE, C/o LINDBLOOM, C/o HESS, AND SEVERAL UNIDENTIFIED CORRECTIONAL OFFICER'S TRANSPORTED PLAINTIFF BACK TO HIS LIVING UNIT... IN A TRANSPORTATION VAN. 6

49). PLAINTIFF, ALLEGE THAT; AS HE WERE LEAVING THE HEALTH CARE UNIT DEFENDANT, Lt. SAMBDMAN, SLAMMED A PLEXI-GLASS SHIELD ONTO PLAINTIFF FACE AREA REPEATEDLY, ALMOST KNOCKING PLAINTIFF DOWN THE STAIRS • • • • •

50). PLAINTIFF, ALLEGE THAT; WHILE HE WERE IN THE TRANSPORTATION VAN, BEING TRANSPORTED BACK TO HIS LIVING UNIT, DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, C/o GILLETTE, C/o LINDBLOOM, C/o HESS, AND SGt. WICKS, ALL STARTED HITTING AND KICKING ON PLAINTIFF, WHILE ON THE VAN FLOOR • • •

51). PLAINTIFF, ALLEGE THAT; DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN STARTED CHOKING PLAINTIFF, REPEATEDLY UNTIL PLAINTIFF, HAD WENT UNCONSCIOUS AND DEFECATED ONTO HISSELF • • •

52). PLAINTIFF, ALLEGE THAT; WHEN HE ARRIVED AT HIS LIVING UNIT DEFENDANTS, C/o GILLETTE, C/o LINDBLOOM, C/o HESS, SGt. WICKS, AND SEVERAL UNIDENTIFIED OFFICER'S, HAD TO CARRY PLAINTIFF, TO HIS LIVING UNIT AND CELL LOCATION • •

53). PLAINTIFF, ALLEGE THAT; WHILE BEING CARRIED BY THE DEFENDANTS, DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, REPEATEDLY HIT PLAINTIFF IN HIS FACE AND HEAD • • •

54). PLAINTIFF, ALLEGE THAT; HE WAS TAKEN TO HIS CELL, THE RESTRAINTS WERE REMOVED FROM PLAINTIFF, BUT DEFENDANT, Lt. GORMAN, HANDCUFFED PLAINTIFF TO HIS CELL DOOR, BACKWARD, AND THE PLAINTIFF, REMAINED THAT WAY FROM SEVERAL HOURS, NAKED • •

15

55). Plaintiff. Allege that; Defendants, Henry, and Chandler, and Dr. Gnu, all stood there and watched the Defendants, repeatedly stomp, kick, choke, and slame. Plaintiff while in the Health care Unit emergency room • • •

56). Plaintiff. Allege that; Defendants Henry, Chandler, and Dr. Gnu, failed and refused to intervene in the excessive use force being used on Plaintiff. and ordering Defendants to use whatever force necessary to get Plaintiff to comply • •

57). Plaintiff. Allege that; Defendants, Henry, Chandler, Lt. Gorman, Lt. Sambdman, C/o Gillette, C/o Lindbloom, C/o Hess, and several unidentified, Correctional officer's, stood and watched Defendant Dr. Gnu, and an unidentified Female Doctor, use excessive use of force upon Plaintiff, by sticking an surgical tool into Plaintiff penis, repeatedly. and failing and refusing to intervene • • • •

58). Plaintiff. Allege that; several unidentified Correctional officer's, dressed in full protective gear approached Plaintiff cell front armed with; plexi glass shield; a boton; and chemical agents • • • •

59). Plaintiff. Allege that; the unidentified Correctional officer's, escorted Plaintiff. to another cell, that had mace a.k.a. (pepper mace) all other the walls, bed, and floor. due to an inmate being sprayed with chemical agents, on the date in Questions •

16

60). PLAINTIFF. ALLEGE THAT; ONE OF THE UNIDENTIFIED CELL EXTRACTION TEAM MEMBER, WHILE PLAINTIFF, WERE LYING DOWN ON THE BED, ON HIS STOMACH IN RESTRAINTS, SPREADED PLAINTIFF BUTTOCKS, WHILE THE OTHER OFFICER, USED A VIDEO CAMERA TO LOOK INTO AND AT PLAINTIFF RETECUM . . .

61). PLAINTIFF. ALLEGES THAT; THE UNIDENTIFIED CELL EXTRACTION TEAM MEMBERS. WHILE PLAINTIFF, WERE LYING DOWN ON THE BED, ON HIS STOMACH IN RESTRAINTS, FORCEFULLY. BENT PLAINTIFF LEG'S IN AN UPWARD LIKE POSETION, AS IF THEY WERE TRYING TO HOG TIE PLAINTIFF LEG TO THE HANDCUFF'S BEHIND HIS BACK . . .

62). PLAINTIFF. ALLEG. THAT; DEFENDANTS C/O FORD, R/N SCHAVE. AND SEVERAL OTHER UNIDENTIFIED PRISON-OFFICIAL'S, STOOD THERE AND ALLOW THE CELL EXTRACTION TEAM MEMBER'S, TO BEND PLAINTIFF LEG'S TOWARDS HIS BACK AREA, AND FAILED AND REFUSED TO INTERVENE IN SUCH EXCESSIVE USE OF FORCE . . . . .

63). PLAINTIFF. ALLEGE THAT; THIS ACTION IS AGAINST ALL KNOWN AND UNKNOWN DEFENDANTS, WHO WERE PERSONALLY INVOLVED OR HAD THE OPPORTUNITY TO INTERVENE AND FAILED AND REFUSED TO DO SO ARE RESPONSIBLE FOR DAMAGES.

64). PLAINTIFF. ALLEGE THAT; FOR THE ACTION AND INACTIONS DESCRIBED ABOVE, THE DEFENDANTS HAS USED UNJUSTIFIABLE USE OF FORCE UPON PLAINTIFF, AND IN DOING SO. FAILED AND REFUSED TO INTERVENE IN SUCH FORCE. SO THUS, THEREFORE THE DEFENDANTS ACTED IN BAD-FAITH IN THE PERFORMANCES OF THEIR INDIVIDUAL AND OFFICIAL CAPACITIES. IN VIOLATION OF THE "EIGHT" AMENDMENT . . .

17

DELIBERATE INDIFFERENCE TO PLAINTIFF
SERIOUS MEDICAL NEEDS ..

(65). PLAINTIFF, ALLEGE THAT ; HE SUSTAINED SEVERAL INJURIES AS
AN RESULT OF "EXCESSIVE USE OF FORCE". AND FOR FAILURE TO
PROVIDE MEDICAL TREATMENT AND/OR SERVICES, OR AN UROLOGIST TO HAVE
FOREIGN OBJECT REMOVED . . . .

(A). MIGRAIN HEADACHES. (B) DIZZYSPELLS. (C). UPPER AND LOWER BACK
INJURIES. (d). CUTS AND BRUISED ON ANKLES AND WRISTS . . .
(E). BUSTY lIP. (F). BRUISES ON RIBS-CAGES. (G). SWOLLEN JAW.
(H). SMALL CONCUSSION ON BACK OF THE HEAD. (I). SWELLNESS IN PENIS,
(J). DIFFICUITIES URINATING. (K). BURNING WHEN URINATING ..
(L). GREENISH lIKE SUBSTANCE DISCHARGING FROM PENIS . . .
(M). BLOOD IN URINE.. (N). IRREPORABLE INJURY . . . .
(O). BLADDER, SWELLNESS AND PAIN . . . (P). INJURIED KNEES . .

(66). PLAINTIFF, ALLEGES THAT ; HE REQUESTED MEDICAL TREATMENT
AND/OR SERVICES, TO THE DEFENDANTS, ; HENRY, CHANDLER, Lt. GORMAN
Lt. SAMBDMAN, SGt. WICKS, C/O GILLETTE, C/O LINDBLOOM, C/O HESS,
DR. GNU, DR. POWERS, C/O FORD, R/N SCHAVE, R/N CAIPPER. AND All
KNOWN AND UNKNOWN, PRISON-MEDICAL AND SECURITY PERSONNEL's
FOR THE ABOVE INJURIES . . . .

(67). PLAINTIFF. ALLEGE THAT ; HE REPEATEOLY REQUESTED FOR
MEDICAL TREATMENT AND/OR SERVICES, TO THE ABOVE NAMED
DEFENDANTS, AND UNKNOWN DEFENDANTS, WHICH THEY ALL ONLY
DID I'll-WIll TOWARDS PLAINTIFF COMPLAINTS, FOR MEDICAL
TREATMENT AND/OR SERVICES . . . .

18

68). PLAINTIFF. ALLEGE THAT; ALL KNOWN AND UNKNOWN DEFENDANTS, IN PARAGRAPH # 66.; FAILED AND HAD REFUSED TO PROVIDE PLAINTIFF. ANY MEDICAL TREATMENT AND/OR SERVICES. FOR THE INJURIES PLAINTIFF SUSTAINED, FROM THE USE OF EXCESSIVE FORCE.

69). PLAINTIFF. ALLEGE THAT; DEFENDANTS, DRS, POWER. GNU, HAD INTENTIONALLY left THE FOREIGN OBJECT STUCK INSIDE THE PLAINTIFF. URETHRA FROM APRIL/2006 — DECEMBER/2006. WHICH PLAINTIFF. HAD DIFFICULTIES URINATING, DUE TO OBJECT BLOCKING-UP THE URETHRA . . .

70). PLAINTIFF. ALLEGE THAT; HE COMPLAINED TO DEFENDANTS, DR. POWERS, DR. GNU, AND R/N CAISPER. THAT PLAINTIFF. IS HAVING DIFFICULTIES URINATING, AND THAT A EXTREME BURNING SENSATION AND PAIN COMES UPON PLAINTIFF, WHENEVER I URINATE . . .

71). PLAINTIFF. ALLEGE THAT; HE COMPLAINED TO DEFENDANTS, DR. POWERS, DR. GNU. R/N CAISPER, AND ALL KNOWN AND UNKNOWN DEFENDANTS, THAT BLOOD AND A GREENISH like SUBSTANCE DISCHARGES FROM PLAINTIFF. WHENEVER I URINATE . .

72). PLAINTIFF. ALLEGE THAT; DEFENDANTS, WHETHER KNOWN OR UNKNOWN, PREVENTED PLAINTIFF, FROM PARTICIPATING IN his DAILY ACTIVITIES, BY FAILING AND REFUSING TO PROVIDE PLAINTIFF MEDICAL TREATMENT AND/OR SERVICES . . .

73). PLAINTIFF. ALLEGE THAT; ALL DEFENDANTS WHETHER KNOWN OR UNKNOWN. CAUSED PLAINTIFF TO BE SUBJECTED TO INFLICTION OF PAIN AND SUFFERING, BY KNOWINGLY, INTENTIONALLY, RECKLESSLY AND MALICIOUSLY, SADISTICALLY DEPRIVED PLAINTIFF. MEDICAL TREATMENT AND/OR SERVICES . . .

74). PLAINTIFF, ALLEGE THAT; FOR THE ACTION OR INACTIONS OF ALL KNOWN AND UNKNOWN DEFENDANTS, FAILURE AND REFUSAL TO PROVIDE PLAINTIFF MEDICAL TREATMENT AND/OR SERVICES, AND THE CONTINUANCES AND WILLFULLY DEPRIVING PLAINTIFF MEDICAL TREATMENT, CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS . . .

75). PLAINTIFF, ALLEGE THAT; THIS COMPLAINT IS ALSO FILED AGAINST ALL UNKNOWN PRISON MEDICAL AND SECURITY PERSONNEL'S WHO ALSO DENIED PLAINTIFF. MEDICAL TREATMENT AND/OR SERVICES. OR HAS FAILED AND HAS REFUSED TO INTERVENE IN SUCH DENIAL OF MEDICAL TREATMENT AND/OR SERVICES . . . .

76). PLAINTIFF. ALLEGE THAT; FOR THE ACTION OR INACTIONS OF ALL UNKNOWN DEFENDANTS FAILURE AND REFUSAL TO PROVIDE PLAINTIFF MEDICAL TREATMENT AND/OR SERVICES. AND THEIR CONTINUANCES TO DEPRIVE PLAINTIFF, MEDICAL TREATMENT AND/OR SERVICES. CONSTITUTES, DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS. IN VIOLATION OF THE "EIGHT" AMENDMENT . . . .

20

PROCEDURAL AND DUE PROCESS VIOLATIONS

77). PLAINTIFF. ALLEGE THAT; DEFENDANTS. Lt. GOKMAN, C/o FORD, Lt. SAMBDMAN, FALSELY ACCUSED PLAINTIFF. OF VIOLATION OF DEPARTMENT RULES, IN RETALIATION FOR UTILIZING THE GRIEVANCE PROCEDURE, AND FOR COMPLAINING ABOUT THE EXCESSIVE USE OF FORCE, AND TO COVER-UP THE EXCESSIVE FORCE INCIDENTS...

78). PLAINTIFF. ALLEGE THAT; DEFENDANTS IN PARA GRAPH # ____ ON OR ABOUT APRIL 13 2006, CHARGED PLAINTIFF. WITH WITH SERIOUS RULE VIOLATIONS IN RETALIATION, FOR PLAINTIFF ____ EXERCISING HIS PROTECTIVE CONSTITUTIONAL RIGHTS...

79). PLAINTIFF. ALLEGE THAT; DEFENDANTS. Lt. MITCHELL, C/o HAMILTON, AND McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF. WITH A 24-HOURS NOTICE.

80). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. MITCHELL, C/o HAMILTON, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF. WITH AN OPPORTUNITY TO CALL WITNESSES ON HIS BEHALF...

81). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. MITCHELL, C/o HAMILTON, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF. WITH AN OPPORTUNITY TO PRESENT DOCUMENTATION IN MY DEFENSE...

82). PLAINTIFF. ALLEGE THAT; DEFENDANTS. Lt. MITCHELL. C/o HAMILTON, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF, THEIR REASONS FOR THEIR FINDING AND THE EVIDENCE RELIED UPON . . . . .

83). PLAINTIFF, ALLEGE THAT; DEFENDANTS. Lt. MITCHELL. C/o HAMILTO, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF WITH STAFF-ASSISTANCE. IN THE PREPARATION AND PRESENTATION OF PLAINTIFF DEFENSE . . .

84). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. MITCHELL, C/o HAMILTON, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO SERVED PLAINTIFF A COPY OF DISCIPLINARY REPORTS, WITHIN THE "EIGHT" DAYS TIME FROM . . . .

85). PLAINTIFF. ALLEGE THAT; DEFENDANTS. Lt. MITCHELL, C/o HAMILTON, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF A COPY OF THE ADJUSTMENT COMMITTEE SUMMARYS.

86). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. MITCHELL, C/o HAMILTON, McCANN, AND ALL UNKNOWN DEFENDANTS, DEPRIVED AND FAILED TO PROVIDE PLAINTIFF AN IMPARTIAL FACT-FINDER, BY NOT ALLOWING SOMEONE REPRESENTING A COUNSELOR STAFF, ON THE COMMITTEE . .

87). PLAINTIFF. ALLEGE THAT; ALL KNOWN AND UNKNOWN DEFENDANTS HAS VIOLATED PLAINTIFF RIGHTS BY FINDING HIM GUILTY OF ALL CHARGES, IN RETALIATION FOR HIS EXERCISING CONSTITUTIONAL RIGHTS. AND IMPOSING DISCIPLINARY ACTION, FOR EXERCISING HIS PROTECTED RIGHTS. IN VIOLATION OF THE FIRST AND FOURTEENTH AMEND.

22

## RETALIATION FOR EXERCISING his
## CONSTITUTIONAL PROTECTED RIGHTS

88). PLAINTIFF. ALLEGE THAT; HE BEGIN TO COMPLAINE ABOUT THE EXCESSIVE USE FORCE, THAT WERE USED UPON PLAINTIFF. TO OTHER PRISON OFFICIAL'S, AND FILING GRIEVANCE REGARDING THE INCIDENTS THAT OCCURRED ON OR ABOUT APRIL 13 2006. . . . .

89). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, C/O FORD. NOTICED THAT PLAINTIFF. HAD SUBMITTED SEVERAL WRITTEN GRIEVANCE'S TO his COUNSELOR, RELATING TO THE APRIL 13 2006 INCIDENTS. BY PLACING THOSE GRIEVANCE'S IN THE MAIL BAG. WHICH IS LOCATED ON THE WING PLAINTIFF WERE ASSIGNED TO.

90). PLAINTIFF. ALLEGE THAT; DEFENDANTS. Lt. GORMAN, Lt. SAMBDMAN, ALL CAME TO PLAINTIFF. AND TOLD PLAINTIFF, TO RECONSIDER IN FILING THOSE GRIEVANCE'S, AND THAT THEY'LL CONSIDER NOT WRITING PLAINTIFF A DISCIPLINARY REPORT. . .

91). PLAINTIFF. ALLEGE THAT; HE TOLD DEFENDANTS. Lt. SAMBDMAN, Lt. GORMAN, C/O FORD.; I HAVE'NT DONE SHIT. FOR YOU TO WRITE ME A DISCIPLINARY REPORT. . .

92). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. GORMAN, Lt. SAMBDMAN, AND C/O FORD. TOLD PLAINTIFF. THEY COULD COME UP WITH SOMETHING TO WRITE PLAINTIFF UP FOR. THE DEFENDANT C/O FORD, STATED I CAN TELL A STORY VERY WELL. (IN OTHER WORD'S HE CAN TELL A GOOD LIE ON PRISONERS). . . .

93). PLAINTIFF. ALLEGE THAT; HE TOLD DEFENDANTS, Lt. SAMBDMAN, Lt. GORMAN, AND C/o FORD, TO GO TO "HELL" AND DO WHAT THEY HAVE TO DO CAUSE I AM. AT THAT TIME PLAINTIFF NOTICED THAT DEFENDANT. Lt. SAMBDMAN, HAD PLAINTIFF, GRIEVANCES IN HIS HAND, RELATING THE APRIL 13. 2006 INCIDENTS . . . .

94). PLAINTIFF. ALLEGE THAT; DEFENDANT. Lt. SAMBDMAN, SLIDE THE GRIEVANCES BACK UNDER PLAINTIFF. CELL DOOR, AND TRIED TO CONVINCE PLAINTIFF IN NOT FILING THOSE GRIEVANCES WITH HIS COUNSELOR. DEFENDANT. Lt. SAMBDMAN, ALSO TRIED TO BRIBE, PLAINTIFF, WITH A PROMISE TO GIVE PLAINTIFF A EXTRA FOOD TRAY AND TWO - CIGARETTE'S . WHICH PLAINTIFF DECLINE THE BRIBE . . . .

95). PLAINTIFF. ALLEGE THAT; HE SLIDE HIS GRIEVANCES BACK UNDER HIS CELL DOOR, AND YELLED OUT LOUD TO PUT MY GRIEVANCES BACK IN THE MAIL BAG, AND STOP TRYING TO BRIBE ME. THE PLAINTIFF. DID THAT SO THAT OTHER PRISONER AND STAFF. COULD SEE AND HEAR WHAT WAS GOING ON . . .

96). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. SAMBDMAN, PICKED THE GRIEVANCES OFF OF THE FLOOR AND TOLD PLAINTIFF. THAT I WILL REGRET IT, AND WALKED OFF, AND PLACED GRIEVANCES BACK INTO THE MAIL BAG . . AND DEFENDANTS, Lt. GORMAN AND C/o FORD LEFT PLAINTIFF CELL FRONT . . . .

97). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. SAMBDMAN, Lt. GORMAN, AND C/O FORD, SEEN THAT PLAINTIFF COULD NOT BE BRIBED, THATS WHEN DEFENDANTS, WENT AND WROTE PLAINTIFF A DISCIPLINARY REPORTS, FOR UTILIZING THE GRIEVANCE PROCEDURE. . . .

98). PLAINTIFF. ALLEGE THAT; DEFENDANTS. Lt. SAMBDMAN, Lt. GORMAN, AND C/O FORD, WROTE AND FILED FALSE DISCIPLINARY CHARGES AGAINST PLAINTIFF, IN RETALIATION FOR PLAINTIFF UTILIZING THE GRIEVANCE PROCEDURE AND COMPLAINING TO OTHER PRISON'S OFFICIAL'S ABOUT THE APRIL 13 2006. INCIDENTS . . . .

99). PLAINTIFF. ALLEGE THAT; DEFENDANTS, Lt. MITCHELL, C/O HAMILTON, AND McCANN, AND All UNKNOWN DEFENDANTS. FOUND PLAINTIFF. GUILTY OF ALL CHARGES, IN RETALIATION, FOR THE PLAINTIFF UTILIZING THE GRIEVANCE PROCEDURE AND FOR PLAINTIFF. CONTINUING COMPLAINING TO PRISON'S OFFICIAL'S ABOUT THE APRIL 13. 2006 INCIDENTS . . . .

100). PLAINTIFF. ALLEGE THAT; DEFENDANTS, HENEY, CHANDLER, SGt. WICKS, C/O GILLETTE, C/O LANDloom, C/O HESS, R/N SCHAVE, Lt. MITCHELL. C/O HAMILTON, McCANN. AND All UNKNOWN DEFENDANTS, KNEW THAT THOSE DISCIPLINARY REPORTS, WERE FABRICATED AND DONE IN RETALIATION FOR PLAINTIFF, UTILIZING THE GRIEVANCE PROCEDURE AND COMPLAINING ABOUT THE APRIL 13 2006. INCIDENTS . . . .

101). PLAINTIFF, ALLEGE THAT; DEFENDANTS, HENRY, CHANDLER, McCANN, SGt. WICKS, C/o GILLETTE, C/o LINDBLOOM, C/o HESS, C/o HAMILTON. Lt. MITCHELL, AND ALL UNKNOWN DEFENDANTS, FAILED AND HAD REFUSED TO INTERVENE IN THE RETALIATORY CONDUCT's, TAKEN AGAINST PLAINTIFF, FOR UTILIZING THE GRIEVANCE PROCEDURE AND FOR COMPLAINING TO PRISON'S OFFICIAL'S ABOUT THE APRIL 13, 2006 INCIDENTS . . . . . .

102). PLAINTIFF, ALLEGE THAT; DEFENDANTS, Lt. SAMBDMAN, Lt. GURMAN, C/o FORD, RETALIATED AGAINST PLAINTIFF, FOR UTILIZING THE GRIEVANCE PROCEDURE. AND FOR COMPLAINING ABOUT THE APRIL 13 2006 INCIDENTS. AND TO COVER-UP THE APRIL 13 2006 INCIDENTS. TO MAKE IT SEEMS AS IF WHAT THEY DID WAS JUSTIFIED . . . . .

103). PLAINTIFF, ALLEGE THAT; FOR THE ACT's DESCRIBED ABOUE THE DEFENDANTS WHETHER KNOWN OR UNKNOWN. ALL RETALIATED AGAINST PLAINTIFF FOR UTILIZING THE GRIEVANCE PROCEDURE AND COMPLAINING TO PRISON OFFICIAL'S ABOUT THE APRIL 13 2006 INCIDENTS. AND IN ORDER TO COVER-UP THE APRIL 13 2006 INCIDENTS, TO MAKE IT SEEM AS IF, THEY WERE JUSTIFIED FOR DOING WHAT THEY DID TO PLAINTIFF. IN VIOLATION OF PLAINTIFF, FIRST AND FOURTEENTH AMENDMENTS RIGHTS TO THE CONSTITUTIONS.

104). PLAINTIFF, ALLEGE THAT; THIS ACTION IS FILE AGAINST ALL KNOWN AND UNKNOWN DEFENDANTS, WHO ARE RESPONSIBLE IN DAMAGES . . . . . .

STATE TORT CLAIM FOR
ASSAULT AND BATTERY

105). PLAINTIFF, REALLEGE PARAGRAPHS (1-104). AS IF SET FORTH FULL HEREIN.

## COUNT # 6

### DECLARATORY RELIEF

106). PLAINTIFF, REALLEGE PARAGRAPHS (1-105). AS IF SET FORTH FULLY HEREIN.

THERE IS AN ACTUAL CONTROVERSY BETWEEN THE PARTIES REQUIRING THE COURT TO DECLARE THE RIGHTS, AND OTHER LEGAL RELATIONS OF THE PARTIES.

## COUNT # 7

### INJUNCTION RELIEF

107). PLAINTIFF, REALLEGE PARAGRAPHS (1-106). AS IF SET FORTH FULLY HEREIN.

UNLESS ENJOINED FROM DOING SO, DEFENDANTS WILL CONTINUE TO WILLFULLY VIOLATE THE RIGHTS OF PLAINTIFF. THESE CONTINUING VIOLATIONS CONSTITUTES IRREPARABLE INJURY FOR WHICH PLAINTIFF, HAVE NO ADEQUATE REMEDY AT LAW . . . . .

WHEREFORE, PLAINTIFF, REQUEST THIS COURT TO GRANT THE FOLLOWING RELIEF.

A ). DECLARE THAT THE ACTIONS AND INACTIONS OF DEFENDANTS DESCRIBED HEREIN HAVE VIOLATED AND CONTINUE TO VIOLATE THE PLAINTIFF, RIGHTS, UNDER THE FIRST, EIGHT, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS • • • • •

B ). ENJOIN DEFENDANTS FROM ENGAGING IN ANY ACTION OR CONDUCT, OR FAILING TO ACT IN ANY WAY, THAT VIOLATE THE PLAINTIFF CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS MENTIONED ABOVE • • • •

C ). ORDER DEFENDANTS TO TAKE ALL ACTION NECESSARY TO REMEDY THE VIOLATIONS OF PLAINTIFF, CLEARLY ESTABLISHED STATUTORY AND UNITED STATES CONSTITUTIONAL RIGHTS, MENTIONED ABOVE • • •

D ). ORDER DEFENDANTS, TO EXPUNGE ALL DISCIPLINARY REPORTS WRITTEN IN RETALIATION FOR PLAINTIFF UTILIZING THE GRIEVANCE PROCEDURE AND FOR COMPLAINING TO PRISONS OFFICIAL'S ABOUT THE APRIL 13, 2006 INCIDENTS, AND TRYING TO COVER-UP THE APRIL 13, 2006, INCIDONOS • • • OR TO GRANT A NEW HEARING SO THAT PLAINTIFF CAN PRESENT A DEFENSE • • •

E ). AWARD PLAINTIFF, A JUDGMENT AGAINST DEFENDANTS SEPARATELY AND JOINTLY FOR COMPENSATORY DAMAGES IN THE AMOUNT OF FIFTY-ONE ( $ 51,000,000,00 ) MILLION DOLLARS • • •

F ). AWARD PLAINTIFF, A JUDGMENT AGAINST DEFENDANTS, SEPARATELY AND JOINTLY FOR PUNITIVE DAMAGES, IN THE AMOUNT OF FIFTY-ONE ( $ 51,000,000,00 ) MILLION DOLLARS • • •

G). AWARD PLAINTIFF, A JUDGMENT AGAINST DEFENDANTS, SEPARATELY
AND JOINTLY FOR NOMINAL DAMAGES, IN THE AMOUNT OF
FIFTY-ONE ($ 51,000,000,00) MILLION DOLLARS, FOR PLAINTIFF
EMOTIONAL MENTAL DISTRESS ...

H). AWARD PLAINTIFF, A JUDGMENT AGAINST DEFENDANTS, SEPARATELY
AND JOINTLY FOR ATTORNEY'S FEES AND COSTS ....

I). AWARD PLAINTIFF. A JUDGMENT AGAINST, DEFENDANTS, SEPARATELY
AND JOINTLY, FOR ANY OTHER RELIEF THAT THIS COURT DEEMS
JUST AND PROPER .....

RESPECTFULLY SUBMITTED

Christopher Knox          B61090

200 E. SUPERMAX, Rd
TAMMS, ILLINOIS 62988

29

CERTIFICATE OF SERVICE

I; CHRISTOPHER KNOX, HEREBY CERTIFIES THAT A TRUE AND CORRECT 1- ORIGINAL AND 18 COPIES OF PLAINTIFF CIVIL RIGHTS COMPLAINT, HAS BEEN SERVED UPON...

TO:    CLERK OF THE COURT

211 SOUTH COURT, FEDERAL BLD.

ROCKFORD, ILLINOIS 61101

BY CAUSING TO BE PLACED IN AN PREPAID ENVELOPE DULY SWORN UPON OATH DEPOSES. COMPLAINT IN THE UNITED STATES MAIL. ADDRESSED TO THE ABOVE NAMED PARTY. AT THE ABOVE ADDRESS. IN TAMMS. ILLINOIS. ON 12 DAY OF DECEMBER 2007...

RESPECTFULLY SUBMITTED

Christopher Knox          B61090

200 E. SUPERMAX, ed

TAMMS. ILLINOIS 62988

30