# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7061 | **DATE** | January 22, 2008 |
| **CASE TITLE** | Christopher Knox (#B-61090) vs. Marry Henry, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Tamms Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■   **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by forcing him to undergo a surgical procedure without his consent, by acting with deliberate indifference to his medical needs (operating on him without using anaesthesia and later, refusing to treat him for a foreign object that was blocking his urethra), by using excessive force against him (or refusing to intervene when fellow officers used unjustified force), by subjecting him to an invasive body cavity search, by denying him due process in prison disciplinary proceedings, and by retaliating against him for his grievances.

    The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff currently has a negative balance in his prison trust fund account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago,
**(CONTINUED)**

mjm

**STATEMENT (continued)**

Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action. While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint.

The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.