Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7061 | DATE | July 3, 2008 |
| CASE TITLE | Christopher Knox (#B-61090) vs. Marry Henry, et al. | | |

The court's Minute Order of 1/22/08, granting the plaintiff leave to proceed *in forma pauperis* is vacated and i.f.p. status is revoked. The plaintiff's application to proceed *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g), the plaintiff having incurred three "strikes." The plaintiff is given 30 days from the date of this order to pay the full $350 statutory filing fee. Failure to pay the filing fee within 30 days will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by forcing him to undergo a surgical procedure without his consent, by acting with deliberate indifference to his medical needs (operating on him without using anaesthesia and, later, refusing to treat him for a foreign object that was blocking his urethra), by using excessive force against him (or refusing to intervene when fellow officers used unjustified force), by subjecting him to an invasive body cavity search, by denying him due process in prison disciplinary proceedings, and by retaliating against him for his grievances.

    By Minute Order of February 22, 2007, the court granted the plaintiff leave to proceed *in forma pauperis*. However, further review of the plaintiff's prior cases in light of the Seventh Circuit's decision in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), reveals that plaintiff accumulated at least three "strikes" prior to filing the instant suit. Under 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

(CONTINUED)

mjm

| STATEMENT (continued) |
|---|

When a prisoner files a multi-claim, multi-defendant suit, "the district court should evaluate each claim for the purpose of § 1915(g)." *George v. Smith*, 507 F.3d at 607. A strike is warranted when a prisoner files "a complaint containing a frivolous claim." *Id.* at 608. To incur a strike, the entire case need not be dismissed as frivolous or for failure to state a claim. Rather, in accordance with *George*, so long as any claim in a prior suit was dismissed as frivolous or malicious, or for failure to state claim, the dismissal may count as a strike. *Id.*; *see also Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (warning that when prisoners seek to file a complaint jointly, each plaintiff may incur a strike if any claim in a complaint or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted," regardless of whether other claims therein have merit).

In *Knox v. Navarro*, Case No. 07 C 50053 (N.D. Ill.), Judge Frederick J. Kapala of the Western Division examined the plaintiff's prior cases and found that several of those complaints contained purported causes of action that were dismissed on preliminary review for failure to state a claim. *See, e.g., Knox v. Carlton*, No. 03-1327 (C.D. Ill.) (Order of March 22, 2005) (Baker, J.) (claims of deliberate indifference to a serious medical need against four defendants dismissed for failure to state a claim); *Knox v. Schomig*, No. 03-1377 (C.D. Ill.) (Order of July 16, 2004) ((Baker, J.) (dismissal under § 1915A of equal protection and due process claims for failure to state to a claim); *Knox v. Spencer*, No. 03-1074 (Order of March 16, 2004) (Baker, J.) (dismissal of claims for failure to state a claim and dismissal of several defendants); *Knox v. Wainscott*, No. 03-1429 (N.D. Ill.) (Order of May 13, 2003) (Manning, J.) (dismissal with prejudice of several claims for failure to state a claim and dismissal of several defendants); and *Knox v. Bryant*, No. 02-4363 (N.D. Ill.) (Order of December 30, 2002) (Manning, J.) (dismissal with prejudice of several claims and defendants). The court's docket reflects that each of these cases concluded prior to the plaintiff's filing of the instant case.

In *George*, the plaintiff incurred a strike for the district court's dismissal of a claim as frivolous, even though several of the plaintiff's other claims were not frivolous and were resolved on summary judgment. *George*, 507 F.3d at 606 (citing 2005 WL 1812890 (W.D. Wis. Aug. 2, 2005)). In accordance with *George*, a strike is warranted for each of Knox's cases cited above where claims were dismissed as non-actionable. Accordingly, the plaintiff accumulated at least six strikes prior to bringing the instant suit. *See id.* at 607-08.

The authorization for retroactive application of *George* is implicit. Numerous courts have considered the retroactive application of § 1915(g) on civil actions filed by prisoners. The courts have uniformly held that pre-PLRA dismissals should be counted as "strikes." *See Lucien v. Jocklsch*, 133 F.3d 464, 469 (7th Cir. 1998); *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996). By extension, pre-*George* dismissals of non-meritorious claims must be treated as "strikes."

Having accumulated at least three strikes prior to bringing the instant suit, the plaintiff may not proceed *in forma pauperis* in this case unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger standard requires that the threat or prison condition "be real and proximate." *Clarpaglini v. Saini*, (CONTINUED)

**STATEMENT (continued)**

352 F.3d 328, 330 (7th Cir. 2003). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id. (citing Helmermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Before denying a motion to proceed *in forma pauperis*, a court must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. *Ciarpaglini*, 352 F.3d at 330. Here, the plaintiff is currently confined at the Tamms Correctional Center; his complaint involves alleged wrongs at the Stateville Correctional Center. This case does not present imminent danger of serious physical injury, as the plaintiff no longer faces the prospect of mistreatment at the hands of Stateville officials.

For the foregoing reasons, the court vacates its prior order granting the plaintiff leave to proceed *in forma pauperis* and revokes the plaintiff's i.f.p. status. The plaintiff must pay the full statutory filing fee of $350.00. Failure to pay the filing fee within 30 days of the date of this order will result in dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e). The plaintiff may make payment of the filing fee by check or money order, which clearly identifies the name and case number of this suit, to the Clerk of Court, United States District Court, 219 S. Dearborn St., 20th Floor, Chicago, Illinois 60604.